1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9    UNITED STATES OF AMERICA,
10          Plaintiff,                    No. CR 05-00195 JSW
11   v.
12   WILLIAM WALLACE,                     **NOTICE OF TENTATIVE**
                                          **RULING AND QUESTIONS**
13          Defendant.
                                     /
14
15        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE
16   NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE
17   HEARING SCHEDULED ON AUGUST 4, 2005 AT 2:30 P.M.:
18        The Court **tentatively** DENIES Defendant's Motion to Suppress.  The Court has
19   reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the
20   parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities
21   not cited in their briefs, they are ORDERED to notify the Court and each other of these
22   authorities reasonably in advance of the hearing and to make copies available at the hearing.  If
23   the parties submit such additional authorities, they are ORDERED to submit citations to the
24   authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d).
25   The parties will be given the opportunity at oral argument to explain their reliance on such
26   authority.
27
28

United States District Court

For the Northern District of California

Each party will have fifteen (15) minutes to address the Court on the following questions:

1.  On what basis does defendant meet his burden to warrant an evidentiary hearing when he has not submitted any evidence to show a contested issue of fact?  On what authority does he rely to support this argument?

2.  What is Government's position on whether an evidentiary hearing is required?  On what authority does it rely to support this argument?

3.  Assuming the Court concludes there was no reasonable basis to believe Savoy was in the vehicle once the officers ran the license plate, what is defendant's position on the police authority to conduct a *Terry* traffic stop to inquire about Katrina Johnson?  Assuming the officers had the ability to investigate, when, if ever, did the stop become impermissible?  On what authority does he rely to support these arguments?

4.  Is defendant challenging the search of the locked container in the trunk?  If so, on what basis?  On what authority does he rely to support this argument?

5.  Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated:  August 2, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

2